**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | |
| | : | **CASE NO.: 7:24-CR-32 (WLS-TQL-1)** |
| **DEWAYNE TYSON COCHRAN,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

Before the Court is Defendant's Unopposed Motion to Continue Trial in the Interest of Justice (Doc. 39) ("the Motion"), filed on December 17, 2024. Therein, Defendant asks the Court to continue the pretrial conference in this case currently scheduled for January 7, 2025. Defendant also asks the Court to grant a continuance of the trial in this matter from the February 2025 trial term to the next Valdosta Division trial term. (*Id.*) Defendant states that while Defense Counsel received discovery from the Government on October 4, 2024, and reviewed it with him, additional time is needed to engage in potential plea negotiations with the Government. Defendant notes that the Government does not oppose the instant Motion, and that the interests of justice served by granting the requested continuance outweigh the best interests of the public and Mr. Cochran in a speedy trial. (*Id.*)

Upon review, the Court finds that a continuance is necessary for the Parties to engage in meaningful plea negotiation and to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, Defendant's Motion (Doc. 39) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division May 2025 term and its conclusion, or as may be otherwise ordered by the Court. Accordingly, the January 7, 2025 pretrial conference is **CANCELED**.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued

1

the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 18th day of December 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**